UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

LUCILLE HERNANDEZ,

   *Plaintiff,*

   *v.*                                                    Case No: 3:26-cv-693

VILLAGE OF PLOVER, SETH PIONKE,
KYLE JOLIN, SIERRA DAHL,
THE TOWNHOMES OF CRAFTSMAN VILLAGE LLC, &
VOLKER MANAGEMENT LLC,

   *Defendants.*

---

## COMPLAINT
---

Plaintiff Lucille Hernandez, by her attorneys, Strang Bradley, LLC, for her complaint against Defendants Village of Plover, Seth Pionke, Kyle Jolin, Sierra Dahl, The Townhomes of Craftsman Village LLC, and Volker Management LLC, states:

### INTRODUCTION

1.     On March 6, 2024, Village of Plover police officers Pionke and Jolin entered Hernandez's home without a warrant or an exception to the warrant requirement.

2.     Dahl, the agent of Hernandez's landlord, The Townhomes of Craftsman Village, conspired with Pionke and Jolin to let them into the home.

### JURISDICTION AND VENUE

3.     This Court has jurisdiction over federal claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3), and the state law claims pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper under 28 U.S.C. § 1391(b)(2). The events giving rise to the claims asserted occurred within the judicial district.

## PARTIES

5.      Plaintiff Lucille Hernandez is a Wisconsin resident.

6.      At all relevant times, Hernandez was the lawful tenant of an apartment at the Townhomes of Craftsman Village in Plover, Portage County, Wisconsin, under a written lease. The apartment was her home where she lived with her family.

7.      Defendant Village of Plover is a political subdivision of the State of Wisconsin, is, or was, the employer of Defendants Pionke and Jolin, and is required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment.

8.      Defendant Pionke was, at the time of this occurrence, employed as a police officer for the Village of Plover Police Department.

9.      At all times relevant to this action, Defendant Pionke was on duty, acting under color of state law, ordinance, and regulation.

10.     At all times relevant to this action, Pionke acted within the scope of his employment with the Village of Plover.

11.     Defendant Jolin was, at the time of this occurrence, employed as a police officer for the Village of Plover Police Department.

12.     At all times relevant to this action, Jolin was on duty, acting under color of state law, ordinance, and regulation.

13. At all times relevant to this action, Jolin acted within the scope of his employment with the Village of Plover.

14. Defendant Dahl was, at the time of this occurrence, employed by Volker Management LLC as an agent and property manager for the Townhomes of Craftsman Village, and she acted as the agent of both Volker Management LLC and The Townhomes of Craftsman Village LLC with respect to Hernandez's tenancy.

15. Dahl's duties included posting entry notices, holding and using keys to tenants' apartments, arranging and conducting entries, and managing tenancies, including Hernandez's tenancy.

16. At all times relevant, Dahl acted within the scope of her employment with Volker Management LLC and within the scope of her agency for The Townhomes of Craftsman Village LLC.

17. Defendant The Townhomes of Craftsman Village LLC is a Wisconsin limited liability company. At all relevant times, it was the landlord of Hernandez's apartment under a written lease, and it held itself out as the landlord, including in notices concerning Hernandez's tenancy.

18. Defendant Volker Management LLC is a Wisconsin limited liability company with its principal office in Fond du Lac, Wisconsin. At all relevant times, Volker Management LLC managed the Townhomes of Craftsman Village on behalf of The Townhomes of Craftsman Village LLC, and its personnel conducted the landlord's business for the property, including tenant communications, notices, and entries.

**FACTS**

19.    On October 27, 2023, Plover Police executed a search warrant at Hernandez's apartment. No contraband or anything illegal was found.

20.    Plover police told Hernandez's landlord, The Townhomes of Craftsman Village LLC, that they wanted Hernandez out of the community.

21.    Hernandez agreed to voluntarily vacate the apartment.

22.    On March 4, 2024, before the time Hernandez agreed to leave by, Dahl posted a notice on Hernandez's apartment stating that "management" of the landlord would enter the apartment on March 6 for a "routine inspection."

23.    The "routine inspection" was a pretext to allow police officers into Hernandez's home.

24.    Dahl called Plover police officer Pionke or Jolin.

25.    Dahl, Pionke, and Jolin agreed to all enter the apartment together.

26.    On March 6, 2024, Dahl, Pionke, and Jolin arrived at Hernandez's apartment.

27.    Hernandez still had lawful possession of the apartment on March 6, 2024.

28.    Defendants rang the doorbell and knocked, but no one answered.

29.    Dahl then tried to use a key to open the door, but couldn't.

30.    One of the officers used the key to open the door.

31.    The three then entered the apartment and searched it.

32.    Pionke and Jolin saw a man sleeping on a couch in the apartment.

33.    The man did not live in the apartment.

4

34.    Dahl told him they were there only to ensure Hernandez left the apartment on time.

35.    No contraband or other illegal items were found.

36.    The Defendants then left the apartment.

37.    Hernandez's lease did not allow her landlord to invite people, including law enforcement, into Hernandez's apartment without Hernandez's consent.

38.    Hernandez did not consent to allow police officers into the apartment.

39.    Defendants knew they didn't have consent.

40.    Defendants did not have a warrant allowing police officers to enter the apartment.

41.    Defendants knew they didn't have a warrant.

42.    After leaving the apartment, Pionke and Jolin discovered that the man inside had a probation warrant out for him.

43.    They knocked on the door, and the man answered.

44.    Pionke and Jolin then immediately entered the apartment without seeking consent from the man (who couldn't have consented anyway).

45.    Inside the apartment, Pionke and Jolin arrested the man.

46.    When Hernandez came home later in the day, she was surprised that the door was unlocked.

47.    She found out later from the man who was arrested that police had twice been inside her home without her consent.

## COUNT 1:
### 42 U.S.C. § 1983 Claim for First Unlawful Home Entry and Search
### Against Defendants Dahl, Pionke, and Jolin

48.    Plaintiff realleges the above paragraphs.

49.    The actions, taken under color of law, of Defendants Dahl, Pionke, and Jolin in entering Plaintiff's home and searching it without consent, a warrant, or an exception to the warrant requirement, were unreasonable in violation of the Fourth Amendment. Dahl, Pionke, and Jolin are thus liable under 42 U.S.C. § 1983.

50.    Dahl, Pionke, and Jolin reached an understanding to deprive Hernandez of her constitutional rights. Dahl was a willful participant in jointly violating Hernandez's constitutional rights.

51.    As a direct and proximate result of Defendants Dahl, Pionke, and Jolin's unlawful actions, Hernandez suffered damages including loss of liberty, emotional distress, invasion of privacy, and physical pain and suffering.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Dahl, Pionke, and Jolin, and, because they acted in reckless disregard for Plaintiff's rights, punitive damages, plus the costs of this action, attorneys' fees, and such other relief that the Court deems just and equitable.

## COUNT 2:
### WIS. STAT. § 995.50 Claim for Violation of Right of Privacy
### Against Defendants Dahl, Townhomes of Craftsman Village LLC, and Volker Management LLC

52.    Plaintiff realleges the above paragraphs.

53.    Dahl intentionally intruded on Hernandez's privacy by entering her home with police officers.

6

54. Dahl's intrusion was of a nature that would be highly offensive to a reasonable person.

55. Dahl intruded into Hernandez's home, which a reasonable person would consider private.

56. Dahl intruded in Hernandez's home in a manner actionable for trespass.

57. At all times relevant, Dahl acted within the scope of her employment with Volker Management LLC and within the scope of her agency for The Townhomes of Craftsman Village LLC. The Townhomes of Craftsman Village LLC and Volker Management LLC are therefore vicariously liable for Dahl's conduct under the doctrine of respondeat superior.

58. As a direct and proximate result of Dahl's unlawful actions, Hernandez suffered damages, including loss of liberty, emotional distress, invasion of privacy, and physical pain and suffering.

WHEREFORE, pursuant to WIS. STAT. § 995.50, Plaintiff demands actual or compensatory damages against Dahl, Volker Management LLC, and The Townhomes of Craftsman Village LLC, and the costs of this action, attorneys' fees, and such other relief that the Court deems just and equitable.

**COUNT 3:**
**Wisconsin State Law Claim of Trespass**
**Against Defendants Dahl, Townhomes of Craftsman Village LLC, and Volker Management LLC**

59. Plaintiff realleges the above paragraphs.

60. Hernandez had possession of her apartment.

61. Dahl intentionally entered Hernandez's apartment and intentionally caused Pionke and Jolin to enter Hernandez's apartment without consent or lawful privilege.

62. At all times relevant, Dahl acted within the scope of her employment with Volker Management LLC and within the scope of her agency for The Townhomes of Craftsman Village LLC. The Townhomes of Craftsman Village LLC and Volker Management LLC are therefore vicariously liable for Dahl's conduct under the doctrine of respondeat superior.

WHEREFORE, pursuant to Wisconsin law, Plaintiff demands actual or compensatory damages against Dahl, Townhomes of Craftsman Village LLC, and Volker Management LLC, and, because they acted in reckless disregard for Plaintiff's rights, punitive damages, plus the costs of this action, attorneys' fees, and such other relief that the Court deems just and equitable.

### COUNT 4:
### 42 U.S.C. § 1983 Claim for Second Unlawful Home Entry and Search
### Against Defendants Pionke and Jolin

63. Plaintiff realleges the above paragraphs.

64. The actions, taken under color of law, of Defendants Pionke and Jolin in entering Plaintiff's home without consent, a warrant authorizing entry into Plaintiff's home, or an exception to the warrant requirement, were unreasonable in violation of the Fourth Amendment. Pionke and Jolin are thus liable under 42 U.S.C. § 1983.

65. As a direct and proximate result of Defendants Pionke and Jolin's unlawful actions, Hernandez suffered damages including loss of liberty, emotional distress, invasion of privacy, and physical pain and suffering.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Pionke and Jolin, and, because they acted in reckless disregard for Plaintiff's rights, punitive damages, plus the costs of this action, attorneys' fees, and such other relief that the Court deems just and equitable.

## COUNT 5:
### Indemnification Claim
### Against Defendant Village of Plover

66. Plaintiff realleges the above paragraphs.

67. Wisconsin law, WIS. STAT. § 895.46, requires public entities to pay any tort judgment for damages for which employees are liable, for acts within the scope of their employment.

68. At all times relevant to this action, Defendants Pionke and Jolin engaged in the conduct complained of while they were on duty and in the course and scope of their employment with the Village of Plover.

WHEREFORE, Plaintiff asks this Court to find that the Village of Plover is liable to defend this action against Defendants Pionke and Jolin and to satisfy any judgment entered against them, by virtue of WIS. STAT. § 895.46.

### JURY DEMAND

Plaintiff hereby demands a trial by jury, pursuant to FED. R. CIV. P. 38(b), on all issues so triable.

9

Respectfully submitted,

Dated: 28 July 2026,

STRANG BRADLEY, LLC
Attorneys for Plaintiff

/s/ R. Rick Resch
John H. Bradley
  Wisconsin Bar No. 1053124
R. Rick Resch
  Wisconsin Bar No. 1117722
Jacob A. Idlas
  Wisconsin Bar No. 1078457
STRANG BRADLEY, LLC
613 Williamson St., Suite 204
Madison, WI 53703
(608) 535-1550
John@StrangBradley.com
Rick@StrangBradley.com
Jack@StrangBradley.com